AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means   ☑ Original   ☐ Duplicate C 

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| In the Matter of the Search of | ) |
|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| Four (4) black Apple i Phones, MPD Inventory #24017174, Items 6-9, currently stored in Milwaukee Police Department Property Bureau, 2620 W. Wisconsin Ave., Milwaukee, WI 53233, described on Attachment A | ) ) ) ) |

Case No. 24-M-469 (SCD)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the __Eastern__ District of __Wisconsin__
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before __August 26, 2024__     *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Honorable Stephen C. Dries__ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   8/12/24 10:00 A.M.                              *Stephen C. Dries*
                                                                          *Judge's signature*

City and state:   Milwaukee, WI                                Honorable Stephen C. Dries, U.S. Magistrate Judge
                                                                *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                                                      *Executing officer's signature*

                                                      *Printed name and title*

# ATTACHMENT A

## Property to Be Searched

1. The property to be searched is described as follows:

    a. A black Apple iPhone with stock lock screen (MPD Inventory #24017174, Item #6);

    b. A black Apple iPhone with navy blue case and stock lock screen (MPD Inventory #24017174, Item #7);

    c. A black Apple iPhone with stock lock screen and black case (MPD Inventory #24017174, Item #8).

    d. A black Apple iPhone with lock screen image of black male with money to his head wearing black tee shirt and black shorts standing by fence (MPD Inventory #24017174, Item #9)

2. The devices are currently stored in the Milwaukee Police Department Property Bureau, 2620 W. Wisconsin Ave. Milwaukee, WI 53233. This warrant authorizes the forensic examination of the devices for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

## Particular Things to be Seized

1. All records, information, and items on the Devices described in Attachment A related to violations of Title 18, United States Code, Sections 922(g)(1), 924(c), and 924(a)(8), and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) involving Darius M. TRAWICK (DOB XX/XX/1991) and others, stored in the devices including:

   a. any information related to possession of firearms or ammunition (including photographs, text messages, emails, or any other communication information);

   b. any information related to possession of drugs or sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   c. GPS information and any other location service data from the phone and/or from any downloaded applications;

   d. Internet search history and browser history related to firearms or location searches;

   e. call history;

   f. contact list, to include names, addresses, phone numbers, and/or email addresses;

   g. any video and/or photograph(s) on the phone related to firearms and/or controlled substances;

   h. any text messages exchanged or drafted that seem to relate to firearms, controlled substances, and/or other criminal activity;

   i. lists of customers and related identifying information;

   j. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

k. any information recording TRAWICK's schedule or travel; and

l. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage and any photographic form.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin



CLERK'S OFFICE
A TRUE COPY
Aug 12, 2024
s/ Mariah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

In the Matter of the Search of  )
*(Briefly describe the property to be searched or identify the person by name and address)*  )
)
Four (4) black Apple i Phones, MPD Inventory #24017174, Items 6-9, currently stored in Milwaukee Police Department Property Bureau, 2620 W. Wisconsin Ave., Milwaukee, WI 53233, described on Attachment A  )
)
)

Case No. 24-M-469 (SCD)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the **Eastern** District of **Wisconsin**, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922g(1),924(a)(8) and 924(c); Title 21, U.S.C. §§ 841(a)(1) & b)(1)(C) | Felon in possession of a firearm, use of a firearm during drug trafficking, and possession with intent to distribute controlled substances |

The application is based on these facts:
See attached affidavit

☒ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Katherine Stewart, TFO - ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by **telephone** *(specify reliable electronic means)*.

Date: 08/12/2024

*Judge's signature*

City and state: Milwaukee, WI          Honorable Steven C. Dries, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Katherine Stewart, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the search of property namely, four cellular telephones, which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Milwaukee Police Officer assigned to the Milwaukee Police Department, Special Investigations Division, as well as a Task Force Officer of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), currently assigned to the Milwaukee Field Office. I have been so employed as a Police Officer with the Milwaukee Police Department (MPD) since December of 2016 and an ATF Task Force Officer since January 2022. My duties with ATF include investigating alleged violations of the federal firearms, explosives, and arson statutes.

3. I completed approximately 24 weeks of training (approximately 950 hours) at the Milwaukee Police Department Training academy as well as (40) hours of Task Force Officer Training at an ATF Training Center. The training included courses related to constitutional law and search and seizure. I have also received training on conducting criminal investigations, including interviews, surveillance, and evidence collection.

4. I have participated in numerous firearms trafficking and drug trafficking investigations involving the seizure of computers, cellular phones, cameras, and other digital storage devices, and the subsequent analysis of electronic data stored within these devices. I have

1

also participated in investigations involving the use of historical and prospective location information to identify targets, map patterns of travel, corroborate other evidence and apprehend persons to be arrested. On numerous occasions, this electronic evidence has provided proof of the crimes being investigated and corroborated information already known or suspected by law enforcement.

5. Based on my training and experience, I have become familiar with the language utilized over the telephone to discuss firearms and drug trafficking and know that the language is often limited, guarded, and coded. I also know that firearms and drug traffickers often use electronic devices (such as computers and cellular phones) and social media to facilitate these crimes.

6. Your affiant also knows through training and experience that subjects will often take photos and videos of themselves and other associates, with their cellphones to boast about their criminal activity and to show fruits of their actions such as images of controlled substances, U.S. Currency or brandishing/ discharging firearms.

7. The information below is known to me through my personal knowledge, training, and experience, and through information provided to me by other law enforcement officers, who have provided information to me during their official duties and whom I consider to be truthful and reliable.

8. I submit this affidavit for the limited purpose of demonstrating sufficient probable cause for the requested warrant. It does not set forth all of my knowledge about this matter.

9. Based on the facts described below, there is probable cause to believe that on or about June 15, 2024, Darius M. TRAWICK (DOB XX/XX/1991) committed firearm and controlled substances offenses in the Eastern District of Wisconsin, in violation of Title 18, United

States Code, Sections 922(g)(1) and 924(a)(8) (felon in possession of a firearm) and 924(c) (use of a firearm during drug trafficking), and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (possession with intent to distribute controlled substances).

## PROBABLE CAUSE

10. On June 15, 2024, members of the Milwaukee Police Department conducted an investigation at 3057 North 13th Street, in Milwaukee, Wisconsin to arrest a wanted suspect who had an outstanding valid felony warrant. Officers Spencer Kilby and Zachary Ramion were operating a marked Milwaukee Police Department squad car in the area of North 13th Street and West Burleigh Street when they observed the wanted subject, S.L.O., leaning into the front passenger seat of a maroon Dodge Charger with tinted windows bearing Wisconsin registration plate AXP-8601. Officers then observed S.L.O. walk from the Dodge Charger to the front yard of 3057 North 13th Street along with several other individuals. These individuals were standing in the front yard or sitting on the porch.

11. At approximately 5:28 PM, MPD Squad 9436 (Officers Brandon Rutherford, Thomas Kotnik and Nicholas Sandoval) approached S.L.O. on the steps of the home at 3057 North 13th Street to arrest him on the warrant. As they did so, Officers observed S.L.O. drop a black Glock 20 Gen 4, 10mm semi-automatic handgun with an extended magazine. The firearm was equipped with a silver metal machine gun conversion device affixed to the rear of the handgun allowing the firearm to function as fully automatic. S.L.O. was arrested. Four other individuals on the porch with S.L.O. were also arrested and were later identified as C.L.W. ,D.M.R., D.R.D., and Darius M. TRAWICK (B/M, XX-XX-XX91).

12. In plain-view on the front porch Officers observed the following additional items: a Black with wood grain grip Century Arms Micro Draco (7.62X39MM) semi-automatic rifle, a

3

Black Glock 22 Gen 4 .40 caliber semi-automatic pistol, a white grocery bag containing knotted clear plastic bags of a chunky white substance which tested positive for cocaine base with a weight of 148 grams, and within the same white bag, a green leafy substance which tested positive for marijuana with a total weight of 218 grams. In the backyard, officers located a fourth firearm described as a Black Stoeger STR-9 9mm semi-automatic handgun with a magazine.

13. A search incident to arrest of TRAWICK revealed $16,050.00 dollars in US Currency in various denominations, a key-fob to a maroon Dodge Charger (WI Reg plate AXP-8601), and four cellular phones recovered from his back-left pants pocket. The Dodge Charger was parked on the street to the northeast of 3057 N. 13th St. A check through the Wisconsin Department of Transportation revealed that TRAWICK was the registered owner of the Dodge Charger. A record check also revealed that TRAWICK is currently on Federal Supervised Release. A check of CCAP revealed that TRAWICK was convicted in Milwaukee County Case Number 2024CF5607 for Felon in Possession of a Firearm, which is of record and unreversed.

14. On June 15, 2024, Officer Ramion drafted a state search warrant which was granted by the Honorable Judge Katie Kegel for a search of 3057 N .13th St. as well as various vehicles associated to the arrestees on the street including the maroon Dodge Charger listing to TRAWICK. A search of TRAWICK's Dodge Charger revealed the following: a functional digital gram scale within the front passenger coin compartment, a Black Glock model 20 10mm semi-auto handgun with extended magazine bearing serial number BSF392 found under the driver's seat, and a total of 317 grams of a green leafy substance which field tested positive for marijuana located in a bag on the rear passenger seat. Several identifiers for TRAWICK including an identification card and a credit card, were also recovered within and around the center console as well as in the rear passenger map pocket. An identifier for another subject was also located next to the digital scale.

4

15. Based on my training and experience with narcotics and firearms investigations, coupled with officer observations of the individuals on the front porch, the amount and packaging of controlled substances, the numerous high-capacity firearms, the scale and amount of cash recovered all indicate that the recovered narcotics on the porch and TRAWICK's car were for distribution and not personal use.

16. The following cellular devices were located inside TRAWICK's back left pants pocket and later placed on Milwaukee Police Department Inventory number 24017174 as items six through nine:

    a. A black Apple iPhone with stock lock screen (Item#6);

    b. A black Apple iPhone with navy blue case and stock lock screen (Item#7);

    c. A black Apple iPhone with stock lock screen and black case (Item#8); and

    d. A black Apple iPhone with lock screen image of black male with money to his head wearing black tee shirt and black shorts standing by fence (Item#9).

## DEFINITIONS

17. Based on my training and experience, the following definitions apply to the Affidavit and Attachment B:

    a. "Cellular telephone" or "cell phone" means a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These

5

capabilities include: storing names and phone numbers in electronic "address books"; sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may include geolocation information indicating where the cell phone was at particular times.

b. The terms "records," "documents," and "materials" include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including writings and drawings), photographic form (including prints, negatives, videotapes, motion pictures, and photocopies), mechanical form (including printing and typing) or electrical, electronic or magnetic form (including tape recordings, compact discs, electronic or magnetic storage devices such as hard disks, CD-ROMs, digital video disks ("DVDs"), Personal Digital Assistants ("PDAs"), Multi Media Cards ("MMCs"), memory sticks, smart cards, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

c. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital

cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

d. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

e. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records of the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to

that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

f. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

g. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

8

h. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

i. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

**ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

18. Based on my training and experience, I know that most cellular devices have capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device. Furthermore, I know that cellphones can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

19. Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described in the warrant, but also forensic evidence that establishes how the device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the device because:

20. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

21. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

22. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

23. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

10

Case 2:24-mj-00469-SCD    Filed 08/12/24    Page 16 of 20    Document 1

24. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

25. Nature of examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

26. Manner of execution. Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## ATTACHMENT A

### Property to Be Searched

1. The property to be searched is described as follows:

    a. A black Apple iPhone with stock lock screen (MPD Inventory #24017174, Item #6);

    b. A black Apple iPhone with navy blue case and stock lock screen (MPD Inventory #24017174, Item #7);

    c. A black Apple iPhone with stock lock screen and black case (MPD Inventory #24017174, Item #8).

    d. A black Apple iPhone with lock screen image of black male with money to his head wearing black tee shirt and black shorts standing by fence (MPD Inventory #24017174, Item #9)

2. The devices are currently stored in the Milwaukee Police Department Property Bureau, 2620 W. Wisconsin Ave. Milwaukee, WI 53233. This warrant authorizes the forensic examination of the devices for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

## Particular Things to be Seized

1. All records, information, and items on the Devices described in Attachment A related to violations of Title 18, United States Code, Sections 922(g)(1), 924(c), and 924(a)(8), and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) involving Darius M. TRAWICK (DOB XX/XX/1991) and others, stored in the devices including:

   a. any information related to possession of firearms or ammunition (including photographs, text messages, emails, or any other communication information);

   b. any information related to possession of drugs or sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   c. GPS information and any other location service data from the phone and/or from any downloaded applications;

   d. Internet search history and browser history related to firearms or location searches;

   e. call history;

   f. contact list, to include names, addresses, phone numbers, and/or email addresses;

   g. any video and/or photograph(s) on the phone related to firearms and/or controlled substances;

   h. any text messages exchanged or drafted that seem to relate to firearms, controlled substances, and/or other criminal activity;

   i. lists of customers and related identifying information;

   j. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

13

k. any information recording TRAWICK's schedule or travel; and

    l. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage and any photographic form.

14